UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES                :
                                 :
       vs.                    :       CR No.  01-012-ML
                                   :
ALBERT J. SLINEY            :

## MEMORANDUM AND ORDER OF DISMISSAL

Before this Court is "Defendant's Motion Pursuant to 18 U.S.C. § 3231 for Lack of [sic]

Subject-Matter Jurisdiction to Impose Sentence Enhancement" (Doc. #103), filed by Albert J. Sliney

in the above matter. The Government has filed an Objection to the motion (Doc. #105).

Sliney was convicted after a two-day trial in June 2001 of possession of a firearm (two guns)

after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) and  § 924(e).   On

November 13, 2001 this Court sentenced Sliney, pursuant to the provisions of the Armed Career

Criminal Act, to 210 months imprisonment, followed by five years of supervised release.  Sliney's

conviction and sentence were affirmed on appeal. See United States v. Albert Sliney, Dkt. No. 01-

2644, Judgment (1st Cir. January 26, 2004).

Sliney then filed a motion to vacate pursuant to 28 U.S.C. § 2255, which motion was denied

in an extensive Memorandum and Order by this Court on September 12, 2006. See Albert J. Sliney

v. United States, CA 05–033–ML, Memorandum and Order (Doc. #44).  The Court of Appeals

denied Sliney's request for a certificate of appealability (COA), on the basis that Sliney had failed to

show the denial of a substantial constitutional right.  Sliney v. United States, Dkt. No. 06-2610,

Judgment (1st Cir. March 2, 2007).

In the instant motion, Sliney challenges this Court's subject matter jurisdiction to impose a

career offender enhancement and the finding that he was a career offender as part of the calculation

of that sentence. As the Government argues, the motion is clearly a second or successive §2255 motion, which this Court lacks jurisdiction to hear and determine. See 28 U.S.C. § 2255(h) (requiring that a second and successive § 2255 petition be certified by a panel of the appropriate court of appeals in accordance with 28 U.S.C. § 2244); Trenkler v. United States, 536 F.3d 85, 97-98 (1st Cir. 2008) (citing United States v. Barrett, 178 F.3d 34, 42-45 (1st Cir. 1999).

This Court notes that in any event, Sliney's claim is devoid of merit, as this Court clearly had subject matter jurisdiction over his prosecution and sentence. See 18 U.S.C. § 3231 (district courts have subject matter jurisdiction over "all offenses against the laws of the United States."); United States v. Prou, 199 F.3d 37, 45 (1st Cir. 1999) (jurisdiction over "all offenses against the laws of the United States" necessarily includes imposition of criminal penalties).

Accordingly, Sliney's motion pursuant to 18 U.S.C. § 3231 is hereby DENIED and DISMISSED.[1]

So Ordered:

_Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge
March 28, 2011

---

[1] Because, as discussed supra, this Court finds Sliney's claim to be totally lacking in merit, it declines to transfer this motion to the First Circuit but rather dismisses it outright. See Barrett, 178 F.3d at 41 and n. 1 (district court may either dismiss or transfer 'second or successive" § 2255 petition).