UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

    v.        CR. No. 01-012 ML

ALBERT J. SLINEY

MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's, Albert J. Sliney ("Petitioner"), post-conviction "motion for relief of a watershed rule of law." See Docket No. 124 (capitals omitted). Petitioner requests that the Court grant him relief from an "unconstitutional sentence." Id. at 1.

Analysis

Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). United States v. Sliney, CR 01-012 ML. This Court sentenced Petitioner to 210 months in prison followed by 5 years of supervised release. Id.; Docket No. 40. Petitioner's conviction and sentence were affirmed on direct appeal. Id.; Docket No. 73.

After his conviction and sentence were affirmed by the First Circuit, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. Sliney v. United States, C.A. No. 05-033-ML; Docket No. 1. This Court denied that motion in an extensive memorandum and order. Sliney v. United States, C.A. No. 05-033-ML (D.R.I. Sept. 12, 2006); Docket No. 44. The First Circuit denied Petitioner's request for a certificate of appealability and terminated Petitioner's appeal. Sliney v. United States, No. 06-2610 (1st Cir. March 2, 2007). Petitioner next filed a motion

1

pursuant to 18 U.S.C. § 3231 challenging this Court's jurisdiction in imposing a sentence under the Armed Career Criminal Act. United States v. Sliney, CR No. 01-012; Docket No. 103. This Court determined that Petitioner's motion was clearly a second or successive § 2255 motion which the Court did not have jurisdiction to hear and determine. Id.; Docket No. 106; see also 28 U.S.C. § 2255(h) (requiring that a second or successive § 2255 motion be certified by a panel of the appropriate Court of Appeals in accordance with 28 U.S.C. § 2244).

Although titled by Petitioner as a "motion for relief of watershed rule of law," Petitioner's motion attacks his sentence. The Court thus recharacterizes the motion as one "falling under § 2255 based on its content." United States v. Sevilla-Oyola, 770 F.3d 1, 12 (1st Cir. 2014); see also United States v. Ortiz, 741 F.3d 288, 291 (1st Cir. 2014) ("a motion's character depends upon its substance, not its application"). Petitioner is well aware that a federal prisoner "must obtain certification from a court of appeals before presenting" a second or successive habeas petition. Evans-Garcia v. United States, 744 F.3d 235, 237 (1st Cir. 2014). Petitioner did not seek permission from the Court of Appeals to file a subsequent 28 U.S.C. § 2255 motion, thus this Court lacks jurisdiction to consider Petitioner's motion. Pratt v. United States, 129 F.3d 54 (1st Cir. 1997).

Therefore, Petitioner's motion is denied and dismissed for lack of jurisdiction.


SO ORDERED

*/s/Mary M. Lisi*
Mary M. Lisi
United States District Judge
**March 6, 2015**